IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| JULIE SU, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>COMMITTEE FOR FAIR & EQUAL REPRESENTATION,<br><br>Defendant. | Civil Action<br><br>No. 23 CV 4983 |

**COMPLAINT**

Plaintiff Julie Su, Acting Secretary of Labor, alleges as follows:

**NATURE OF THE ACTION**

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (the Act), 29 U.S.C. §§ 481-483, for a judgment declaring that the January 7, 2023 election of union officers conducted by the Committee for Fair & Equal Representation (CFER or Defendant) for the offices of President, Vice President, and Recording Secretary is void and directing the Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Julie Su is the duly appointed Acting Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant CFER is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office in and residing in South Holland, Illinois, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and (j) and 401(b) of the Act, 29 U.S.C. §§ 402(i) and (j) and 481(b).

7. Defendant represents one or more bargaining units of security guards employed by Paragon Systems in Federal office buildings throughout Illinois.

8. Defendant has approximately 300 active members.

9. Defendant has at all times relevant to this action been governed by the Union By-Laws of the Committee for Fair & Equal Representation.

10. The Executive Board consists of the President, Vice President, Recording Secretary, Treasurer, and the Chief Union Steward.

11. Defendant held its regularly scheduled election of officers on January 7, 2023.

12. The election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-83.

13. Sheron Dixon-Stevens was selected as the Election Committee Chair.

14. A nomination notice was emailed to all members on October 24, 2022.

15. Defendant entered into a contract with Election Source.

16. Election Source was responsible for the mailing of the ballots and conducting the tally of the ballots at the conclusion of the election.

17. Defendant obtained a list of members and the mailing addresses from Paragon Systems.

18. Defendant emailed the membership list to Election Source to use for the ballot mailing list.

19. Defendant did not take steps to confirm the accuracy of the addresses listed on the membership list obtained from Paragon Systems.

20. Election Source mailed the ballots on November 30, 2022.

21. Some ballots were returned as undeliverable at the addresses listed on the membership list.

22. Steve Panoff, an employee of Election Source, e-mailed Election Committee Chair Sheron Dixon-Stevens to tell her which members' ballots had been returned as undeliverable.

23. Defendant took no action to find correct addresses for members whose ballots were returned as undeliverable.

24. The CFER Election Committee did not believe it was their responsibility to obtain correct addresses for union members whose ballots were returned as undeliverable.

25. At least 21 ballots were returned as undeliverable.

26. Eleven (11) members whose ballots were undeliverable requested a duplicate ballot.

27. Ten (10) members whose ballots were undeliverable did not request a duplicate

ballot.

28. Eight (8) of the 10 members who did not request a duplicate ballot were eligible to vote.

29. The original ballot packages contained a business reply envelope that had the name of the member the ballot was mailed to pre-printed in the return address space.

30. The duplicate ballot packages contained a business reply envelope that did not have the name of the member the ballot was mailed to pre-printed in the return address space.

31. The voting instructions in the original ballot package and the duplicate ballot package were the same.

32. The instructions read: "Place the completed ballot into the 'BLUE ENVELOPE' and seal. Then place the 'BLUE ENVELOPE' into the 'BUSINESS REPLY ENVELOPE' provided and seal."

33. The instructions did not inform members that their ballot would be voided if they did not write their name and address on the business reply envelope when it was not already printed there.

34. Thirteen (13) eligible voters who received duplicate ballots returned their ballot in the business reply envelope without writing their name and address on the front of the business reply envelope.

35. The ballot tally was conducted on January 7, 2023.

36. The election committee voided ballots that did not have the member's name and address in the return address space on the business reply envelope.

37. The contested races were for President, Vice President, Recording Secretary, and Chief Union Steward.

38. Carrie Upshaw won the race for President by 12 votes.

39. Anthony Jennings won the race for Vice President by 14 votes.

40. Carlena Funches won the race for Recording Secretary by 5 votes.

41. Bryan Davis won the race for Chief Union Steward by 60 votes.

42. There were 145 ballots cast in the election.

43. On January 12, 2023, Michael Perkowski (Complainant) a member in good standing of Defendant, protested the election by email sent to Defendant's Election Committee.

44. On January 20, 2023, the Election Committee sent Complainant an email informing him that his election protest had been denied.

45. On January 22, 2023, Complainant appealed the Election Committee's decision by email to the Election Committee.

46. On January 24, 2023 the Election Committee denied Complainant's appeal.

47. Having exhausted the remedies available and having received a final decision, Complainant timely filed a complaint with the Secretary of Labor on February 1, 2023, within the one calendar month required by section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

48. By letter signed June 20, 2023, Defendant agreed that the time within which Plaintiff may bring suit with respect to Defendant's aforesaid election be extended to July 31, 2023.

**FIRST CAUSE OF ACTION**

49. Section 401(e) of the Act provides that "not less than fifteen days prior to the election notice thereof shall be mailed to each member at his last known home address. Each member in good standing shall be entitled to one vote." 29 U.S.C. § 481(e).

50. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), when it failed to

5

take any action to correct known bad addresses for undeliverable ballots, denying members the right to vote in the election.

## SECOND CAUSE OF ACTION

51. Section 401(c) of the Act states that "[a]dequate safeguards to insure a fair election shall be provided." 29 U.S.C. § 481(c).

52. Defendant failed to provide adequate safeguards, in violation of Section 401(c), when it failed to give members who received duplicate ballots adequate voting instructions, which resulted in members being denied the right to vote.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a) declaring Defendant's election for the offices of President, Vice President, and Recording Secretary to be void;

(b) directing Defendant to conduct a new election for those offices under the supervision of Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Craig Oswald
CRAIG OSWALD
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300
craig.oswald@usdoj.gov

OF COUNSEL:

SEEMA NANDA
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

JEFFREY LUPARDO
Counsel for Labor-Management and Civil Rights Enforcement

SAMUEL DePRIMIO
Attorney

U.S. Department of Labor