UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIE SU, Acting Secretary of Labor, United States Department of Labor, | ) | |
| Plaintiff, | ) | No. 23 C 4983 |
| v. | ) | Judge Hunt |
| COMMITTEE FOR FAIR & EQUAL REPRESENTATION, Defendants. | ) | |

**SECRETARY OF LABOR'S STATEMENT OF MATERIAL**
**FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Julie Su, the Acting Secretary of Labor, by and through her attorney, Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, and files this statement of material facts in support of its motion for summary judgment pursuant to Local Rule 56.1(a). The Secretary states:

1. The Union is a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j), and 401(b) of the Act, 29 U.S.C. §§ 402(i), (j), and 481(b), and its officer election was covered by Title IV. Def.'s Answer to Complaint (Answer), Dkt. 8, ¶.

2. Defendant is the collective bargaining representative for approximately 300 security guards employed by Paragon Systems (Paragon) who work in federal office buildings throughout Illinois. *Id.* at ¶¶ 7, 8..

3. The Defendant's regularly scheduled election of officers was held on January 7, 2023. *Id*. at 11.

4. A nomination notice was emailed to all members on October 24, 2022. *Id.* at 14.

5. The Union appointed an Election Committee, which was responsible for overseeing the election process and ensuring that the election was run in accordance with all legal requirements and the Union's bylaws. Def.'s Resp. to Dept. of Labor's Interrogatories (Ex. A), ¶¶ 1.

6. The Election Committee was provided with copies of the Union Bylaws and "all of DOL's guidelines (booklet) and material to follow throughout the process for the election." *Id.* at ¶ 2.

7. Sheron Dixon-Stevens was selected as the chairperson of the Election Committee. Answer, ¶ 13.

8. The Union hired a contractor named Election Source to conduct the mailing of the ballots and the tally of the ballots at the conclusion of the election. *Id. at* ¶¶ 15, 16.

9. To facilitate the ballot mailing, the Election Committee sent Election Source a mailing list with members' names and addresses that the Union had obtained from Paragon. *Id.* at ¶¶ 17, 18.

10. The Election Committee did not take any steps to confirm the accuracy of members' addresses on the list it obtained from Paragon. Deposition of Sheron Dixon-Stevens (Ex. B), p. 12:7-17; Ex. A, ¶ 5.

11. Election Committee Chair Dixon-Stevens asserted that the Committee had "no control" over the employee list and that it was the members' responsibility to update their addresses with the employer. Ex. B, p. 27:12-28:8;

12. The ballots were mailed on or about November 30, 2022. Nomination Notice, Ex. C.

13. Ballots that were undeliverable were returned to Election Source. Deposition

Exhibit C; Ex. B, p. 34.

14. Prior to the start of the election, Election Source had been instructed to inform the Election Committee of any mail that came back as undeliverable. Ex. A, ¶ 7.

15. During the course of the election, Steve Panoff, who works for Election Source, would e-mail Sheron Dixon-Stevens, the Union's Election Committee Chair, to let her know that a ballot was returned as undeliverable and the address that was on the undeliverable ballot. Ex. B, p. 34:6-35:3; Deposition Ex. C.

16. Dixon-Stevens received Panoff's emails but made no effort to contact these members or otherwise locate new addresses for the undeliverable ballots. Ex. B, p. 34:6-35:3.

17. The only new addresses she emailed to Election Source were from members who had affirmatively reached out to the Union to request a duplicate ballot. Ex. B, p. 35:1-3.

18. Dixon-Stevens did not believe it was the Election Committee's job to find new addresses for members whose ballot packages were returned as undeliverable. Ex. B, p. 39:18-40-5.

19. At least 21 ballots were returned as undeliverable by the date of the ballot tally. Answer, ¶ 25.

20. Of those 21 members whose ballots were undeliverable, 11 requested duplicate ballots. *Id.* at ¶ 26. Of the remaining 10 members, 8 were eligible to vote but never received a ballot. OLMS Records Review Memo, Ex. D.

21. The ballot tally was conducted on January 7, 2023. Answer, ¶ 35.

22. During the tally, the Election Committee made the decision to void ballots that were returned without a return address on the outer business reply envelope. *Id.* at ¶ 36.

23. The business reply envelopes that members were instructed to use when returning

their voted ballots were pre-printed with the members' names and addresses in the return address space in the original ballot package mailing. *Id.* at ¶ 29.

24. However, the return ballot envelopes in the duplicate ballot packages were not pre-printed with the members' return address, they were blank envelopes. *Id.* at ¶ 30.

25. The duplicate ballot package did not contain any instructions that voters must write a return addresses on the return ballot envelope or that failure to do so would result in a voided ballot. *Id.* at ¶ 31-32.

26. The voting instructions simply said "Place the completed ballot into the 'BLUE ENVELOPE' and seal. Then place the 'BLUE ENVELOPE' into the 'BUSINESS REPLY ENVELOPE' provided and seal." Answer, ¶ 32; Sample Ballot, Ex. E.

27. Defendant believed that "it was common sense" for voters to put their return address on the return ballot envelope.[1] Ex. B, p. 33:11-20.

28. Upon its review of the election records, the Department found that 13 eligible voters had their ballots voided because the voter did not write out their name and address on the Union-provided ballot return envelope. Voided Ballots (Ex F).

29. At the conclusion of the ballot tally the race for President was decided by 12 votes, the race for Vice President was decided by 14 votes, and the race for Recording Secretary was

[1] Plaintiff requests the Court take Judicial Notice of the fact that it is not a requirement to fill out a return address when sending mail through the U.S. Postal Service. https://pe.usps.com/BusinessMail101?ViewName=ReturnAddress.

decided by 5 votes. OLMS Ballot Recount Memo (Ex. G).

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Craig A. Oswald
CRAIG A. OSWALD
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9080
craig.oswald@usdoj.gov

**Exhibits Attached**

Exhibit A, Defendant's Interrogatory Responses

Exhibit B, Dixon Stevens Deposition Transcript

Exhibit C, Nomination Notice

Deposition Exhibit C – Returned envelopes

Exhibit D, OLMS Records Review Memo

Exhibit E, Sample Ballot

Exhibit F, Voided Ballots

Exhibit G, Ballot Recount Memo